UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHAWN L. ROBINSON

v.                                    C.A. No. 09-277 S

ASHEBEL T. WALL, II, et al.

## MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

On June 19, 2009, Plaintiff Shawn L. Robinson, *pro se*, simultaneously filed a Complaint pursuant to 42 U.S.C. § 1983 and an Application for Leave to Proceed *In Forma Pauperis* ("IFP Application") pursuant to 28 U.S.C. § 1915(a)(2) ("§ 1915(a)(2)"). On July 8, 2009, plaintiff's IFP Application was denied because plaintiff failed to submit certified copies of his trust fund account statements for the 6-month period immediately preceding the filing of the Complaint from each prison at which he was confined during that period, as required by § 1915(a)(2) (Docket # 3). Plaintiff was initially given 30 days to re-file the IFP Application with the appropriate certified trust fund account statements. On August 24, 2009, Plaintiff, who explained that the New Jersey and Rhode Island prisons were refusing to give him certified copies of his account statements, was granted an extension to re-file his IFP Application.

Presently before the Court are two motions filed by Plaintiff: (1) a motion seeking clarification of the status of his IFP Application (Docket # 7) and (2) a motion to re-file an Application for Leave to Proceed *In Forma Pauperis* (Docket # 8). Plaintiff attaches to the second motion, (i) copies of his inmate trust fund account from the Adult Correctional Institutions (the "ACI") in Rhode Island for the six-month time frame from his transfer to the ACI on April 30, 2009 until October 31, 2009 and (ii) a declaration stating that the New Jersey State Prison officials have refused to send him a certified copy of his inmate trust account statement despite his several requests for such information.

After reviewing Plaintiff's motions and the attachments thereto, I find that Plaintiff's motion to re-file should be construed as an Application for Leave to Proceed *In Forma Pauperis*. Said Application is GRANTED. Additionally, as this Order provides the clarification Plaintiff seeks in his motion for clarification, Plaintiff's motion for clarification is also GRANTED.

1

However, pursuant to 28 U.S.C. § 1915(b)(1), a prisoner who is granted leave to proceed without prepayment of fees must pay, as an initial partial filing fee, 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in his account for the six month period immediately preceding the filing of the complaint. After paying the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner shall forward such subsequent payments from the prisoner's account to the clerk of the court each time the amount exceeds $10.00 until the filing fee is paid in full. *Id.*

Accordingly, after a review of the plaintiff's prison trust account statement and his application filed in support of his motion to proceed *in forma pauperis*, the plaintiff shall be assessed an initial partial filing fee payment of $4.00. The Rhode Island Department of Corrections is hereby ordered to forward the initial payment on plaintiff's behalf. Provided the plaintiff's prison trust account balance equals or exceeds the initial fees assessed, the initial fee shall be forwarded to the clerk of this court within twenty days of this order. If the plaintiff lacks sufficient funds to pay the fee, the initial payment shall be forwarded by the Rhode Island Department of Corrections as soon as the balance in plaintiff's prison trust account equals or exceeds $10.00. Furthermore, the Rhode Island Department of Corrections shall forward to the clerk of this court subsequent monthly payments of 20 percent of the plaintiff's preceding month's income each time the plaintiff's account balance exceeds $10.00. Such fees shall be forwarded until the $350.00 filing fee is paid in full.

**IT IS SO ORDERED.**

_____
Jacob Hagopian
Senior United States Magistrate Judge
January 6, 2010