UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHAWN L. ROBINSON

v.                                                                                                             C.A. No. 09-277 S

ASHEBEL T. WALL, II, et al.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court are two motions filed by Shawn L. Robinson ("Plaintiff"), *pro se*, a Connecticut prisoner who is currently an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island: (i) a Motion for "Equitable Remedy" (Docket # 19) and (ii) a Motion for "Emergency/Expedited Relief" (Docket # 24). Defendants have objected to the motions (Docket # 25). These matters have been referred to me for preliminary review and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Plaintiff's motions be DENIED.

BACKGROUND

I. Complaint

On June 19, 2009, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") (Docket # 1). Plaintiff named as defendants six ACI administrators and officers: A.T. Wall, Director of the Rhode Island Department of Corrections ("RIDOC"); Nancy Bailey, RIDOC Assistant Director; David McCauley, Warden; Jack Ward, "ISC"; Normandin, Sr., Lieutenant; and Normandin, Jr., Correctional Officer. In the Complaint, Plaintiff alleged that defendants violated his rights by actions including: (i) placed him in disciplinary segregation and in the High Security Center without adequate procedural protections and/or in retaliation for his filing grievances and litigation; (ii) denying him his property, grievance forms, and legal papers; (iii) searching his outgoing legal mail; and (iv) assaulting him.

II. Motions for Equitable Remedy and Emergency/Expedited Relief

Plaintiff makes similar allegations and seeks identical relief in the instant motions for equitable remedy and emergency/expedited relief. He first alleges that he has lost significant weight during the year he has been incarcerated at the ACI. Specifically, Plaintiff states that he

1

is a six foot tall man with a large frame and a high metabolism. He arrived at the ACI on April 30, 2009 weighing approximately 180 pounds, and, as of the date he filed the motion, he weighed around 154 pounds with clothes and restraints on. He alleges that he is fed less than 1500 calories a day and is precluded from purchasing diet supplements from the canteen. He states that he recently was prescribed an evening supplement of milk and cereal, but he still had hunger pains and continued to lose weight.

He next alleges that he has gotten bacterial infections from the mattresses and unsanitary living conditions at the ACI, but the medical staff, including Dr. Robert Achindiba, has refused to give him antibiotics. He also alleges that he suffered injuries to his back and has pains in his neck and shoulder, but the medical staff has refused to perform CT and MRI scans without the approval of the Connecticut Department of Corrections.

Plaintiff further alleges that ACI staff, including Officer Glendinning stole or destroyed his property, including his legal materials and grievances about the ACI staff. Finally Plaintiff alleges that the ACI staff refuses to provide him with legal assistance or legal materials from the law library because he is a Connecticut prisoner, and that he is being denied adequate access to the law cart and legal telephone calls.

Plaintiff alleges that he has sought help with respect to the foregoing issues from ACI officials, food services director, doctors and other medical staff, and others to no avail. He submitted copies of various grievances and written requests and the replies as exhibits to the instant motions and as a supplemental filing in support of the motions ("Plaintiff's Supp.") (Docket # 21).

Plaintiff seeks a Court order compelling defendants and ACI officials to (i) provide him with a nutritionally adequate diet and supplement to address his "significant weight loss"; (ii) prescribe antibiotics for bacterial infections; and (iii) provide him with extended access to the law cart and ACI library as well as legal assistance.

Defendants urge that Plaintiff's motions be denied. Defendants state that (i) the motion is not based on the Complaint and (ii) Plaintiff's weight is being monitored and does not present a medical risk. Defendants submit an affidavit from Debbie Mathieu, BS, LBN, a consulting dietician who has been working with Plaintiff at the ACI (the "Mathieu Affidavit").

## DISCUSSION

### I. Connection Between Preliminary Injunction Request and Underlying Complaint

Plaintiff's motions, seeking a Court order compelling defendants to act, shall be construed as motions for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction is a mechanism used to preserve the status quo pending litigation of the merits by protecting a plaintiff from irreparable harm and maintaining the court's ability to render a meaningful judgment following a trial on the merits. *See CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc.*, 48 F.3d 618, 620 (1st Cir. 1995). A party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *DeWitt v. Wall*, No. 01-65, 2001 WL 1018332, at *1 (D.R.I. June 05, 2001). "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997)(preliminary injunction regarding a First Amendment issue denied where underlying suit was for damages on a claim of fraud).

Here, the issues Plaintiff raises in the instant motions are distinct from those raised in the Complaint. Plaintiff urges that certain ACI officials are failing to provide him with adequate medical care, food, legal assistance, and access to legal materials, and he seeks an injunction requiring ACI officials to provide him with these matters. These requests, however, are not related to preserving the Court's decision making authority over the merits of his § 1983 lawsuit, and, thus, a preliminary injunction should not be granted in this action based on such requests. *See, e.g., Guillen v. Thompson*, No. 08-1279, 2009 WL 2513501, at *6-7 (D. Ariz. Aug. 14, 2009)(denying preliminary injunction on assertions, including retaliation and denial of access to the courts, because they were unrelated to the inadequate medical care claims in underlying complaint); *Flores v. Morgen*, No. 08-5621, 2009 WL 1159049, at *4 (W.D.Wash. Apr 22, 2009)(denying preliminary injunction seeking access to his legal materials and free postage for mail directed to the District Court because, in part, unrelated to inadequate medical care claims that formed basis of complaint). Additionally, the instant motion should also be denied because Plaintiff asserts claims regarding the actions of individuals who are not named as defendants in the Complaint.

## II. Merits of Claims

Further, even if the merits were considered, Plaintiff has not clearly carried the burden of persuasion as to the requirements for injunctive relief. Plaintiff, as the moving party, has the burden of persuasion to demonstrate, by a clear showing: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs any harm to defendants if the injunction is granted; and (4) the public interest will not be adversely affected by the granting of the injunction. *McGuire v. Reilly*, 260 F.3d 36, 42 (1st Cir. 2001); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, (1997)(requiring preliminary injunction movant carry the burden of persuasion by a clear showing). Of the four factors, the likelihood of success on the merits is of primary importance. *See Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 46 (1st Cir. 2005).

As noted above, underlying Plaintiff's request for preliminary injunctive relief appear to be claims that various ACI personnel are failing to provide him with (i) adequate medical care, including adequate nutrition and antibiotics, and (ii) adequate access to legal assistance and materials. First, in order for a plaintiff to succeed on his § 1983 claim for inadequate medical care in violation of the Eighth Amendment, he must show that (1) he has an objectively serious medical need, involving a substantial risk of serious harm if not properly treated, and (2) the prison official had subjective awareness of his need and consciously disregarded the substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976). A prisoner may demonstrate an Eighth Amendment an objectively serious violation by showing that he was denied adequate nutrition to preserve his health. *Farmer*, 511 U.S. at 837; *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986).

Here, Plaintiff claims that he has lost over twenty pounds and, despite his requests to RIDOC medical personnel, food services and other ACI administrators, is not receiving adequate nutritional supplements. However, although Plaintiff implies that his weight loss constitutes a serious medical need creating a risk of serious harm if not addressed, he provides no medical evidence supporting such claim. On the contrary, exhibits he filed as well as the Mathieu Affidavit submitted by Defendants, indicate that Plaintiff's blood work and body mass index are within the normal range. Plaintiff's Supp. (Memorandum from Debbie Mathieu dated May 3, 2010 ("Mathieu May 3rd Memo")); Mathieu Affidavit, ¶¶ 6 & 9. Further, Plaintiff has not established that prison officials acted with deliberate indifference to any risk of harm. Again,

4

exhibits filed by Plaintiff and the Mathieu Affidavit indicate that the ACI officials are carefully monitoring Plaintiff's weight, including ordering weekly weight checks beginning in February 2010 and providing him with additional nutritional supplements, such as an extra cereal snack, when necessary. *Id.* Additionally, according to the Mathieu Affidavit, the ACI has been providing Plaintiff with an average of 2840 calories per day, more than he requires to maintain his weight and more than the 2800 Plaintiff requests the Court order the ACI to provide him. Mathieu Affidavit, ¶¶ 7 & 8.

Second, with respect to Plaintiff's request for a Court order that the ACI prescibe him antibiotics, although Plaintiff claims he has had bacterial infections, he provides neither medical evidence indicating he had infections nor medical evidence, or even allegations, that such infections negatively impacted or threatened his health. Therefore, Plaintiff has not established that the alleged infections created a substantial risk of serious harm to his health.

Finally, to succeed on a claim regarding inadequate legal assistance and access to legal materials, a plaintiff must demonstrate that he or she suffered an actual injury, such as the frustration of a nonfrivolous legal claim, as a result of the alleged interference with his or her access to the court. *Lewis v. Casey*, 518 U.S. 343, 351-53, 116 S.Ct. 2174 (1996). Plaintiff here has failed to establish, or even allege, interference with a nonfrivolous legal claim.

## CONCLUSION

Accordingly, as Plaintiff's instant motions for equitable relief (i) are not based on the claims in the Complaint and (ii) do not contain claims that are likely to succeed on the merits, I recommend that these motions be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).


_____
Jacob Hagopian
Senior United States Magistrate Judge
Date: August 12, 2010