# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**SHAWN L. ROBINSON**

**v.**                                                    **C.A. No. 09-277 S**

**ASHEBEL T. WALL, II, et al.**

## MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court are two motions filed by plaintiff Shawn L. Robinson ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island: (i) a motion for a court order appointing counsel to represent Plaintiff in the instant action (Docket # 20) and (ii) for a hearing (Docket # 22). For the reasons set forth below, Plaintiff's motions are denied.

## I.      Court Order Appointing Counsel

In the appropriate case, the Court "may request an attorney to represent any person unable to afford counsel" in a civil action. 28 U.S.C. § 1915(e). However, there is no absolute constitutional right to a "free lawyer" in a civil case. *DesRosier v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Absent exceptional circumstances, the Court cannot appoint counsel in a civil matter. *Id.* at 23. In determining whether exceptional circumstances exist, the Court must examine the total situation, considering, *inter alia,* the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *Id.*

Here, I have reviewed Plaintiff's complaint and the motions that he has filed in this case. The issues presented in the amended complaint are not so complex that Plaintiff is unable to represent himself. Moreover, Plaintiff's filings demonstrate that he is able to present the facts and the issues himself. Accordingly, Plaintiff's motion seeking a court order to appoint counsel is DENIED.

## II.    Hearing

Plaintiff has moved for hearing in connection with a motion for equitable remedy he filed.   However, as simultaneously herewith, I have recommended that Plaintiff's motion for equitable remedy be denied, and determined that a hearing was unnecessary, *see Campbell Soup Co., v. Giles*, 47 F.3d 467, 470 (1st Cir. 1995)("an evidentiary hearing is not an indispensable requirement when a court allows or refuses a preliminary injunction")(citation omitted), Plaintiff's instant motion for a hearing is DENIED.


_____

Jacob Hagopian
Senior United States Magistrate Judge
Date: 8-19-2010