UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHAWN L. ROBINSON,          :
          Plaintiff,        :
                            :
     v.                     :     CA 09-277 S
                            :
ASHBEL T. WALL, et al.,     :
          Defendants.       :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is a motion filed by Plaintiff Shawn L. Robinson ("Plaintiff" or "Robinson") which he has entitled "Rule 9 Motion for Emergency/Expedited Relief" (Docket ("Dkt.") #60) ("Motion"). Although the Motion does not state what relief is sought, the Court infers from its content that Plaintiff is seeking an order compelling Defendants to perform blood tests and urinalysis to monitor his physical condition during his self-imposed hunger strike.[1] Accordingly, the Court treats the Motion as a motion for a preliminary injunction, see Braintree Labs., Inc. v. Citigroup Global Markets Inc., 622 F.3d 36, 40-41 (1st Cir. 2010)(explaining that a "mandatory preliminary injunction ... requires affirmative action by the non-moving party in advance of trial"); Jones v. Union Individual Account Retirement Fund, 323 F.Supp.2d 916, 918 (E.D. Wis. 2004)(describing a mandatory

---

[1] The body of the Motion is reproduced at page 4 of this Report and Recommendation.

preliminary injunction as "an injunction requiring an affirmative act by the defendant"), and addresses it by way of this Report and Recommendation, see Seldon v. Lehman Bros., Inc., No. 09-13162, 2010 WL 2351492, at *1 (E.D. Mich. May 20, 2010)("Pursuant to 28 U.S.C. § 636(b)(1), a magistrate judge may only issue a report and recommendation regarding a request for injunctive relief."); see also Guan Zhao Lin v. Holder, No. 10 Civ. 4316(RMB)(JLC), 2010 WL 2836144, at *1 n.1 (S.D.N.Y. July 2, 2010)("A magistrate judge does not have authority to grant or deny injunctive relief, absent the parties' consent under § 636(c)."). For the reasons stated herein, I recommend that the Motion be denied.

**I. Background**

At the outset, it bears noting that Plaintiff filed a previous "Rule 9 Request for Emergency/Expedited Relief" (Dkt. #24) (the "Prior Motion") in which he sought, among other relief, "a Court order compelling defendants and ACI officials to [] provide him with a nutritionally adequate diet and supplement to address his 'significant weight loss,'" Report and Recommendation (Dkt. #26) ("R&R of 8/12/10") at 2. Senior Magistrate Judge Jacob Hagopian recommended that the Prior Motion be denied because the relief sought was not "related to preserving the Court's decision making authority over the merits of his § 1983 lawsuit, and, thus, a preliminary injunction should not be granted in this action based on such requests." Id. at 3 (citing Guillen v. Thompson, No. 08-

1279, 2009 WL 2513501, at *6-7 (D. Ariz. Aug. 14, 2009)(denying preliminary injunction on assertions, including retaliation and denial of access to the courts, because they were unrelated to the inadequate medical care claims in underlying complaint); Flores v. Morgen, No. 08-5621, 2009 WL 1159049, at *4 (W.D. Wash. Apr. 22, 2009)(denying preliminary injunction seeking access to his legal materials and free postage for mail directed to the District Court because, in part, unrelated to inadequate medical care claims that formed basis of complaint)). Judge Hagopian noted that in the Complaint (Dkt. #1) Plaintiff alleges that Defendants violated his rights by: (1) placing him in disciplinary segregation and in the High Security Center without adequate procedural protections and/or in retaliation for his filing grievances and litigation; (2) denying him his property, grievance forms, and legal papers; (3) searching his outgoing legal mail; and (4) assaulting him. See R&R of 8/12/10 at 1. Comparing these allegations to those which Plaintiff was making in the Prior Motion, Judge Hagopian wrote:

> [T]he issues Plaintiff raises in the instant motions[2] are distinct from those raised in the Complaint. Plaintiff urges that certain ACI officials are failing to provide him with adequate medical care, food, legal assistance, and access to legal materials, and he seeks an injunction requiring ACI officials to provide him with these matters. These requests, however, are not related to preserving the Court's decision making authority over the merits of his § 1983 lawsuit, and,

---

[2] The Report and Recommendation (Dkt. #26) ("R&R of 8/12/10") also addressed Plaintiff's motion for "Equitable Remedy" (Dkt. #19). See R&R of 8/12/10 at 1.

3

thus, a preliminary injunction should not be granted in
this action based on such requests.

R&R of 8/12/10 at 3.

On November 29, 2010, District Judge William E. Smith adopted the Report and Recommendation of 8/12/10 in full. <u>See</u> Order (Dkt. #47). Plaintiff has filed a Notice of Appeal (Dkt. #56) regarding Judge's Smith's Order. <u>See</u> Motion for Reconsideration Notice of Appeal (Dkt. #56).

**II. Discussion**

**A. Lack of Connection between Preliminary Injunction Request and Underlying Complaint**

The same failing which Judge Hagopian identified in the Prior Motion (discussed above) also exists with respect to the instant Motion. The body of the Motion states:

> The Defendants and ACI staff are allowing Plaintiff Shawn L. Robinson to die a slow painful death because he has been on a hunger strike since 04-04-11 protesting the abusive maltreatment, daily harassment, deprivations, and reprisals by prison staff. But ACI officials have not tried to intervene medically or draw his blood and take an urinalysis to monitor his kidneys and anemia condition.

Motion.

It is plain that the relief which Plaintiff appears to be seeking, i.e., the monitoring of his physical condition during his self-imposed hunger strike, is distinct from the relief sought in the Complaint. Accordingly, as with the Prior Motion, the relief Plaintiff seeks is "not related to preserving the Court's decision

4

making authority over the merits of his § 1983 lawsuit, and, thus, a preliminary injunction should not be granted in this action based on such request[]." R&R of 8/12/10 at 3. Additionally, as was true with the Prior Motion, to the extent that Plaintiff asserts in the instant Motion claims against "ACI staff," Motion at 1, who are not Defendants, the Motion should be denied, see R&R of 8/12/10 at 3 (stating that the Prior Motion "should also be denied because Plaintiff asserts claims regarding the actions of individuals who are not named as defendants in the Complaint").

**B. Merits of Claims**

Moreover, it is clear that Plaintiff has not carried the burden of persuasion as to the requirements for injunctive relief. Plaintiff, as the moving party, has the burden of persuasion to demonstrate by a clear showing: (1) that he has a substantial likelihood of success on the merits; (2) that he faces a significant risk of irreparable harm if the injunction is denied; (3) that the harm he will suffer outweighs any harm to defendants if the injunction is granted; and (4) that the granting of prompt injunctive relief will promote (or, at least, not denigrate) the public interest. McGuire v. Reilly, 260 F.3d 36, 42 (1st Cir. 2001); see also Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997)(requiring preliminary injunction movant to carry the burden of persuasion "*by a clear showing*"). Of the four factors, the likelihood of success on the merits is of primary importance.

5

See Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006)("The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."); see also Wine & Spirits Retailers, Inc. v. Rhode Island, 418 F.3d 36, 46 (1st Cir. 2005).

Because Plaintiff stated in the certification of the Motion that he was unable to provide copies to Defendants' counsel due to a lack of "Xerox services,"[3] Order Directing Defendants to File Response to Emergency Motion (Dkt. #62) ("Order of 5/2/11"), the Court issued an order which reproduced the body of the Motion and directed Defendants to file a response within five days, see id. Defendants complied with this directive and filed Defendant's [sic] Objection to Plaintiff's Motion for Emergency/Expedited Relief (Dkt. #63) ("Objection").

---

[3] In a footnote in the Order Directing Defendants to File Response to Emergency Motion (Dkt. #62) ("Order of 5/2/11"), the Court cautioned Plaintiff against assuming that non-compliance with rules governing certification would be excused in the future:

> Because the Motion seeks emergency/expedited relief, the Court has accepted it for filing even though Plaintiff failed to comply with the certification requirements. See Federal Rule of Civil Procedure 5(d); District of Rhode Island Local Rule Cv 5.1(a)(1). The Court notes, however, that the Motion is short enough that Plaintiff could have copied it by hand and served that copy on Defendants. Thus, Plaintiff should not assume that his non-compliance with the rules governing certification will be excused in the future.

Order of 5/2/11 at 1 n.1.

In a memorandum accompanying their Objection, Defendants cite Plaintiff's medical records which reflect "that on April 30, 2011, plaintiff was 'eating all of his meals' and 'has gained 20 pounds.'" Memorandum at 3[4] (quoting Exhibit ("Ex.") A (Plaintiff's Medical Record dated 4/30/11) at 1. The same medical record indicates that prior to being seen on April 30, 2011, Plaintiff had been consuming two cans of Ensure three times daily and that he was receiving Hydrocerin, Triamcinolone Acetonide, and Benzoyl Peroxide. See id. The latter medications were apparently being prescribed for a skin condition. See id.

Defendants also cite another medical record reflecting that Plaintiff was seen three days earlier on April 27, 2011. See id. (citing Ex. B (Plaintiff's Medical Record dated 4/27/11)). At that time, it was noted that he presented with "l[ower] e[xtremity] edema and hunger strike." Ex. B at 1. Under "History of Present Illness," id., the record recites that "inmate has been on hunger strike, but gain[ed] 20 lb since," id. Findings on physical examination with respect to Plaintiff's constitution are expressed as: "No apparent distress. Well nourished and well developed," id., although under "Extremities," Ex. B at 2, it was noted that

---

[4] The pages of Defendants' Memorandum are not numbered. The Court cites to the third page of that document. Defendants' attention is directed to District of Rhode Island Local Rule ("DRI LR") Cv 5(a)(3) which states that "[w]here a document is more than one page in length, the pages shall be numbered at the bottom center of each page." DRI LR Cv 5(a)(3).

7

"Edema is present," id.  On the second page, beneath the heading "Assessment/Plan," id., the record indicates: "Abnormal loss of weight and underweight (783.2), Resolved.  Edema(782.3) Acute." Id. at 2.  Under medications, the record reflects that Plaintiff was to continue taking Ensure two cans three time daily and to apply Hydrocerin and Triamcinolone Acetonide topically twice daily and to wash daily with Benzoyl Peroxide.  Id.  An albumin lab study was also ordered.  Id.

Defendants argue that Plaintiff's medical record indicates that he had been on hunger strike but has discontinued it and gained twenty pounds.  See Memorandum at 4.  They note that when Plaintiff was recently seen by the medical staff, the examiner(s) felt that he was in no distress and was well nourished.  See id. Defendants posit that these medical records "hardly paint a picture of a slow and painful death at the hands of the defendants.  The records also do not indicate that the plaintiff is anemic[;] thus there is no medical need to conduct blood screenings.  Plaintiff has made no showing evidencing an emergency requiring any medical care."  Id.  The Court agrees.

For the reasons stated above, I find that Plaintiff has not shown a substantial likelihood of success on the merits.[5]

---

[5] It also bears noting that for essentially the same reasons Plaintiff has also not shown a significant risk of irreparable harm if the injunction is denied and also not shown that the harm he will suffer outweighs any harm to Defendants if the injunction is granted.

Accordingly, his Motion should be denied for this additional reason. See L.L. Bean, Inc. v. Bank of America, 630 F.Supp.2d 83, 89 (D. Me. 2009)("[M]andatory preliminary relief is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party.")(quoting Dahl v. HEM Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993))(alteration in original); see also Snyder v. Millersville Univ., Civil Action No. 07-1660, 2008 WL 5093140, at *11 (E.D. Pa. Dec. 3, 2008)("Mandatory injunctions, which require defendants to take some affirmative action, are 'looked upon unfavorably and are generally only granted in compelling circumstances,'")(quoting Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 166 (D.N.J. 1988)); Burgos v. Univ. of Central Florida Board of Trustees, 283 F.Supp.2d 1268, 1271 (M.D. Fla. 2003)("A mandatory preliminary injunction requiring defendant to take affirmative action is proper only in 'rare instances'")(quoting Harris v. Wilters, 596 F.2d 678, 680 (5th Cir. 1979)). I so recommend.

**III. Conclusion**

As explained more fully above, I recommend that the Motion be denied because: (1) the relief it seeks is distinct from that sought in the Complaint, and, therefore, such relief is not related to preserving the Court's decision making authority over the merits of Plaintiff's § 1983 lawsuit, and (2) Plaintiff has not shown a likelihood of success on the merits. Any objections to this Report

9

and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

<u>/s/ *David L. Martin*</u>
DAVID L. MARTIN
United States Magistrate Judge
May 11, 2011