UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
SHAWN L. ROBINSON,                  )
         Plaintiff,                 )
                                    )
     v.                             )   C.A. No. 09-277-S
                                    )
ASHBEL T. WALL, II, et al.,         )
         Defendants.                )
_____)

ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court are two motions filed by Plaintiff Shawn Robinson, pro se: a Motion for Intervention (ECF No. 79); and a Motion for Emergency Relief (ECF No. 81) (collectively, the "Motions"). Defendants have filed objections to the Motions. (See Defs.' Obj. to Pl.'s Mot. for Intervention, ECF No. 80; Defs.' Obj. to Pl.'s Mot. for Emergency Relief, ECF No. 82). No hearing is necessary. For the reasons stated below, the Motions are DENIED.[1]

In the Motion for Intervention, Plaintiff complains that he is being subjected to "daily abusive maltreatment and reprisals by the Defendants and their fellow co-workers or any inmates who may work for them." (Mot. for Intervention 1.) Specifically,

---

[1] The Court addresses the Motions simultaneously because they contain similar allegations and seek similar relief.

he alleges that: (1) some Defendants and ACI staff have been forcing him to undergo "criminal retaliatory strip searches . . . on a whim and without probable cause," (id. at 3); (2) ACI staff have continued to "illegally confiscate, hold, ransack, steal and vandalize Plaintiff's legal materials and property in retaliation for his litigation and grievances against ACI staff," (id.); and (3) he has been denied "the right to utilize available case law books and legal materials that are within the ACI law library or provide him adequate legal assistance from those who are trained in the law," (id.).  In the Motion for Emergency Relief, Plaintiff asserts that Defendants arbitrarily confiscated his legal materials "for the umpteenth time."  (Mot. for Emergency Relief 1.)  He further contends that "Defendants and their colleagues are deliberately interfering with the Petitioner's efforts to litigate this case and other pending legal matters."  (Id. at 2.)

Plaintiff seeks "some kind of judicial intervention on his behalf to help and protect him from daily abusive maltreatment and reprisals" (Mot. for Intervention 1), and an order to Defendant Wall "to have his subordinates . . . return all of Petitioner's legal materials forthwith and to desist in their tactics to thwart Petitioner's litigation," (Mot. for Emergency Relief 2).  Thus, this Court treats the instant Motions as

requests for preliminary injunctions.[2] See <u>Braintree Labs., Inc. v. Citigroup Global Mkts. Inc.</u>, 622 F.3d 36, 40-41 (1st Cir. 2010) (noting that "a mandatory preliminary injunction . . . requires affirmative action by the non-moving party in advance of trial").

"[T]he purpose of a preliminary injunction is to preserve the status quo <u>before</u> the merits have been resolved." <u>Francisco Sanchez v. Esso Standard Oil Co. (Puerto Rico)</u>, 572 F.3d 1, 19 (1st Cir. 2009); see also <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994) ("A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."). Because a mandatory preliminary injunction alters rather than preserves the status quo, it "normally should be granted only in those circumstances when the exigencies of the situation demand such relief." <u>Braintree Labs.</u>, 622 F.3d at 41 (quoting <u>Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency</u>, 649 F.2d 71, 76 n.7 (1st Cir 1981)); see also <u>Mazurek v.

---

[2] Plaintiff has filed similar motions in the past: a Motion for Equitable Remedy (ECF No. 19), a Rule 9 Request for Emergency/Expedited Relief (ECF No. 24), and another Rule 9 Motion for Emergency/Expedited Relief (ECF No. 60). These previous motions contained similar allegations, were construed as requests for preliminary injunctions, and were denied. (See Report and Recommendation, Aug. 12, 2010, ECF No. 26; Order adopting Report and Recommendation, Nov. 29, 2010, ECF No. 47; Report and Recommendation, May 11, 2011, ECF No. 65; Order adopting Report and Recommendation, June 11, 2011, ECF No. 70.)

Armstrong, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2948, pp. 129-30 (2d ed. 1995))).

> Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.

Devose, 42 F.3d at 471 (internal citations omitted).

Here, although Plaintiff's allegations are similar to those contained in the Amended Complaint, Plaintiff has not met his burden of establishing a relationship between the injuries claimed in the motions and the allegations asserted in the Amended Complaint. First, in neither of the Motions does Plaintiff name specific Defendants. Thus, it is unclear whether he is asserting claims against the named Defendants (and, if so, which ones) or other ACI staff. In addition, in the Motion for Intervention, Plaintiff includes no dates on which the alleged

4

incidents occurred, although the exhibits attached thereto do contain dates. However, these dates, and the date on which his legal materials were confiscated as stated in the Motion for Emergency Relief, with one exception, post-date the filing of the Amended Complaint (ECF No. 69). The allegations in the Motions, therefore, represent new claims. Thus, as was the situation in Devose, while Plaintiff's new assertions might support additional claims against unspecified prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. Devose, 42 F.3d at 471.

Based on the foregoing, the Motion for Intervention and Motion for Emergency Relief are DENIED.[3]

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: August 21, 2012

---

[3] The Court has not addressed the traditional factors for issuing a preliminary injunction — the likelihood of success on the merits, the possibility that the movant will suffer irreparable harm without an injunction, the balance of relevant hardships as between the parties, and the effect of the Court's ruling on the public interest, Braintree Labs., Inc. v. Citigroup Global Mkts. Inc., 622 F.3d 36, 40 (1st Cir. 2010), because Plaintiff has not established the requisite relationship between the allegations in the Motions and the claims put forth in the Amended Complaint.