UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHAWN L. ROBINSON,<br>        Plaintiff, | :<br>:<br>: |
| v. | :     C.A. No. 09-277S |
| ASHBEL T. WALL, II, et al.,<br>        Defendants. | :<br>:<br>: |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

Before the Court is the fourth[1] "emergency" motion filed in this matter by Plaintiff Shawn L. Robinson; it is entitled "Rule 9 Request for Emergency/Expedited Relief." ECF No. 87. Defendants objected to the Motion, and the Court has determined that no hearing is necessary. As Plaintiff requests that Defendants return all of his legal materials and personal property, the Court treats it as a motion for a preliminary injunction[2] and, for the reasons stated below, recommends that it be denied.

In his Motion, Plaintiff states that Defendants and their co-conspirators arbitrarily confiscated his legal mail, books and materials, as well as his writing materials (envelopes and postage stamps). He identifies ACI staff Robert Dennett as the individual who, on January 4, 2013, took his property, including legal materials, and forced him to sleep without sheets;

---

[1] Plaintiff has filed the following motions for equitable relief, each of which has been treated as a motion for preliminary injunction: Motion for Equitable Remedy (ECF No. 19); Rule 9 Request for Emergency/Expedited Relief (ECF No. 24); Rule 9 Motion for Emergency/Expedited Relief (ECF No. 60); Motion for Intervention (ECF No. 79). Every motion has been denied by the Court. See ECF Nos. 47, 65, 70, 84. In two of them, he complained that his legal materials had been taken, among other issues. In each instance the Court reviewed that claim and found it insufficient to justify a mandatory injunction. ECF No. 26, at 5, aff'd, ECF No. 85; ECF No. 84, at 5.

[2] The Court addresses the Motion by way of report and recommendation because a magistrate judge does not have the authority to grant or deny injunctive relief without the parties' consent. See Lin v. Holder, No. 10 Civ. 4316(RMB)(JLC), 2010 WL 2836144, at *1 n.1 (S.D.N.Y. July 2, 2010); Seldon v. Lehman Bros., Inc., No. 09-13162, 2010 WL 2351492, at *1 (E.D. Mich. May 20, 2010) ("Pursuant to 28 U.S.C. § 636(b)(1), a magistrate judge may only issue a report and recommendation regarding a request for injunctive relief.").

somewhat inconsistently, he claims he has not had his law books since February 12, 2013. Additionally, Plaintiff complains that he has not had a hot meal since February 24, 2013. In support of his Motion, he separately filed a form not referred to in the Motion, which seems to contradict at least some of his complaints: headed "High Security Facility – Special Management," it indicates that his bedding is "normal" and that he "[c]an have Mail . . . can have books to read." ECF No. 88. However, more consistent with his Motion, it also indicates that his meals are "Bag Lunch" and he is not allowed envelopes. Id.

The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm before the merits of a case have been resolved. See Francisco Sánchez v. Esso Standard Oil Co. (P.R.), 572 F.3d 1, 19 (1st Cir. 2009); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Unlike traditional interlocutory injunctive relief, which preserves the status quo, mandatory preliminary relief, what Plaintiff seeks by this Motion, disturbs the status quo and is subject to heightened scrutiny; a mandatory injunction should not issue unless the facts and the law clearly favor the moving party. Mass. Coalition of Citizens with Disabilities v. Civil Defense Fund, 649 F.2d 71, 76 n.7 (1st Cir. 1981) (mandatory preliminary injunctions should be granted only "when the exigencies of the situation demand such relief."); L.L. Bean, Inc. v. Bank of Am., 630 F. Supp. 2d 83, 89 (D. Me. 2009) (mandatory injunctive relief subject to heightened scrutiny); see also Snyder v. Millersville Univ., Civil Action No. 07-1660, 2008 WL 5093140, at *11 (E.D. Pa. Dec. 3, 2008) ("Mandatory injunctions, which require defendants to take some affirmative action, are 'looked upon unfavorably and are generally only granted in compelling circumstances.'") (quoting Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 166 (D.N.J. 1988)).

The party moving for preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. Devose, 42 F.3d at 471. New assertions that are entirely different from the claims raised and relief requested in a complaint cannot provide the basis for a preliminary injunction. See id. The district court should not issue an injunction if the conduct complained of is not of the same character but rather deals with a matter lying wholly outside the issues in the suit. Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997).

Plaintiff has not met his burden of establishing a relationship between the injuries claimed in the Motion and the allegations asserted in the Amended Complaint (ECF No. 69). While the Motion contains complaints that sound similar to some of the claims in the Amended Complaint,[3] that does not suffice – the incidents alleged in the Motion are different events at different times with different actors. For example, the Motion identifies ACI staff Robert Dennett as the culprit who allegedly took his legal materials and bed sheets, but Robert Dennett is not a defendant in this matter. In fact, no named defendant in this action is mentioned in Plaintiff's Motion. Further, Plaintiff includes three dates in his Motion (January 4, 2013, February 12, 2013, and February 24, 2013) when the alleged events took place; all of them post-date the Amended Complaint, which was filed on June 1, 2011. Thus, these are new claims that have no connection to the conduct asserted in the Amended Complaint. Guillen v. Thompson, No. CV 08-1279-PHX-MHM (LOA), 2009 WL 2513501, at *6-7 (D. Ariz. Aug. 14, 2009) (denying preliminary injunction seeking access to courts because unrelated to claims in underlying complaint).

---

[3] The Amended Complaint contains 80 paragraphs. There is one reference to Plaintiff having been placed on restrictive bag meals in retaliation for grievances, ECF No. 69 ¶ 46, one reference to a Defendant having stolen his legal supplies and papers, id. ¶ 70, and one reference to denial of access to the law library and adequate legal material or legal assistance, id. ¶ 77. All of these allegations pertain to actions by the named Defendants that preceded the filing of the Amended Complaint on June 1, 2011.

More significantly, Plaintiff's barebones Motion does not attempt to establish either likelihood of success on the merits or the exigencies or compelling circumstances necessary to justify the granting of a motion for mandatory injunctive relief. For example, he has not identified with any specificity the legal materials confiscated or how their loss has caused an actual injury. Lewis v. Casey, 518 U.S. 343, 351-53 (1996) (interference with nonfrivolous legal claim must be shown to establish injury arising from limitation on access to legal materials). Moreover, the record presented by Plaintiff suggests that he actually does have access to mail and books. ECF No. 88. The specter of injury from Plaintiff's complaints about the confiscation of writing materials is contradicted not only by his supporting document, which states that he has access to "Mail and seg pen," id., but more significantly by the very fact that he succeeded in filing the instant Motion (as well as the three that preceded it). Plaintiff's complaints about sleeping without sheets and eating bag lunches include no allegations of adverse impact on health and safety. Thus, they do not come close to raising an issue that might be cognizable by this Court. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (conditions of confinement claim requires knowing disregard of "excessive risks to inmate health and safety"); Rhodes v. Pulsipher, 143 F. 3d 1299, 1310 (10th Cir. 1998) (claimant must show substantial risk of serious harm). In sum, Plaintiff has failed to establish either likelihood of success on the merits or even the possibility that he would suffer irreparable harm without the requested injunction. See Braintree Labs., Inc. v. Citigroup Global Mkts. Inc., 622 F.3d 36, 40 (1st Cir. 2010 (laying out traditional factors for issuing a preliminary injunction).[4]

Plaintiff has not made the required showing either of the requisite relationship between his Amended Complaint and the incidents complained of in the Motion or of any likelihood of

---

[4] Because his Motion is completely lacking in substance based on analysis of the two factors discussed above, I do not separately analyze the other preliminary injunction factors. See ECF No. 84, at 5 n.3.

success on the merits, any exigencies or any compelling circumstances that would allow the Court to grant a preliminary injunction.  Accordingly, I recommend that the Motion be DENIED.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days after the date of service.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 30, 2013