UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
Shawn L. Robinson,                 )
                                   )
        Plaintiff,                 )
                                   )
   v.                              )    C.A. No. 09-277-S
                                   )
Ashbel T. Wall, II, et al.,        )
                                   )
        Defendants.                )
_____)

### ORDER

WILLIAM E. SMITH, United States District Judge.

    Plaintiff is a Connecticut state prisoner who is currently being housed at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island.  Before the Court are the following motions by Plaintiff: (1) an Objection (ECF No. 97) to the Report and Recommendation by Magistrate Judge Sullivan (the "R&R," ECF No. 91) recommending the denial of Plaintiff's Rule 9 Request for Emergency/Expedited Relief (the "Emergency Motion," ECF No. 87); (2) Plaintiff's Motion to Re-Open the Case (ECF. No. 92); (3) Plaintiff's Motion to Compel the delivery of correspondence that has allegedly been withheld from him by the staff of the ACI (ECF No. 93); (4) a Motion for a Copy of the Case File (ECF No. 94); and (5) a Motion to Compel a response to the Emergency Motion (ECF No. 95).

I.   Objection to the Report and Recommendation

The R&R is hereby accepted pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's objection is rejected and the Emergency Motion (treated as a motion for a preliminary injunction) is hereby DENIED.

II.  Motion to Re-Open the Case

Plaintiff requests that the Court re-open his case, which was terminated on March 18, 2013. The Court concludes that the case was prematurely closed and orders that it be re-opened. The early termination was likely the result of the numerous motions for preliminary injunctions that did not relate to the allegations in the Complaint. The parallel motions proceeded to their conclusion, through appeal to the First Circuit Court of Appeals, and the case was closed upon their resolution. However, the allegations in the Amended Complaint (ECF No. 69) have not been resolved, and thus the case should be re-opened.

III. Motion to Compel

Plaintiff requests that the Court order the delivery to him of (1) mail addressed to him that Defendants have allegedly withheld; (2) outgoing mail from Plaintiff that Defendants allegedly have failed to send; and (3) mail that Defendants allegedly confiscated from Plaintiff. As with Plaintiff's Emergency Motion, the Court treats it as a motion for a preliminary injunction.

The request to return items that Defendants confiscated from Plaintiff merely repeats claims made in the Emergency Motion. For the reasons stated in the R&R, the Court denies that request.

Plaintiff's remaining requests are denied because the subject of this motion is not related to the allegations in the Amended Complaint. "[T]he purpose of a preliminary injunction is to preserve the status quo before the merits have been resolved." Francisco Sanchez v. Esso Standard Oil Co., 572 F.3d 1, 19 (1st Cir. 2009) (emphasis in original). Therefore, the moving party must establish that the injury asserted in the motion arose from the conduct alleged in the complaint. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Plaintiff's Amended Complaint does not contain allegations of Defendants withholding mail from Plaintiff or failing to deliver mail that he sends. Additionally, the only mail identified by Plaintiff that he claims is being withheld consists of three items from the docket of this case (ECF Nos. 77, 80, and 82), all of which were filed after the Amended Complaint, so such injuries clearly could not have stemmed from actions alleged in the Amended Complaint.[1]

---

[1] Regardless of Plaintiff's procedural misstep, he is entitled to receive the documents docketed in his case. Defendants have agreed to provide to Plaintiff the documents

IV. <u>Motion for a Copy of the Case File</u>

Plaintiff identifies certain documents from the docket of this case that he does not have in his possession. Defendants do not oppose this motion. Therefore, the Clerk's Office is ordered to provide to Plaintiff, at Plaintiff's expense and in accordance with the Court's rules and procedures, the documents, and all exhibits thereto, docketed as ECF Nos. 1, 23, 28, 33, 41, 69, 72, 75, and 78.

V. <u>Motion to Compel Response</u>

Plaintiff also filed a motion to compel Defendants to provide a response to the Emergency Motion, which the Court ordered Defendants to file by April 30, 2013. Defendants had, in fact, filed the requested response in compliance with the Court's order. Therefore, Plaintiff's motion was moot as soon as it was filed.

VI. <u>Conclusion</u>

Plaintiff's objection to the R&R is DENIED; the Court adopts Judge Sullivan's recommendation and the Emergency Motion is DENIED. The Motion to Re-Open the case is GRANTED, and the Motion to Compel the delivery of certain mail is DENIED, except that Defendants are ordered to provide the documents filed as ECF Nos. 77, 80, and 82. Plaintiff's Motion for a Copy of the

---

docketed as ECF Nos. 77, 80, and 82, and they are ordered to do so.

Case File is GRANTED with respect to the documents listed in Section IV, above.  Lastly, Plaintiff's Motion to Compel a Response from Defendants is DENIED as moot.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  August 7, 2013