UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
SHAWN L. ROBINSON,                  )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 09-277 S
                                    )
ASHBEL T. WALL, et al.,             )
                                    )
        Defendants.                 )
_____     )

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

        Plaintiff Shawn L. Robinson has filed a wide-ranging pro se
complaint against various employees of the Adult Correctional
Institution ("ACI"), alleging several instances of mistreatment
while he was an inmate at the prison.  In June 2011, the Court
granted Robinson permission to amend his Complaint.  The ACI
employees at issue (collectively, "Defendants") have filed a
Motion for Dismissal and Summary Judgment. (ECF No. 117.)  For
the reasons set forth below, that motion is GRANTED.

I.    Facts[1]

        On April 30, 2009, Robinson was transferred from a prison
in New Jersey to the ACI.  (Am. Compl. ¶ 6, ECF No. 69.)  From
the very start, he felt aggrieved.  Upon his arrival at the ACI,

_____
        [1] The facts are taken from Plaintiff's Amended Complaint,
except where noted.

correctional officials placed Robinson into disciplinary segregation. (Id. at ¶ 7.) The cell was dirty and Robinson was not provided his personal property or legal papers. (Id. at ¶ 8.) ACI officials did not permit Robinson to clean the cell or sanitize the cell's mattress. (Id. at ¶ 9.)[2] Additionally, Robinson did not receive an evening meal that night. (Id. at ¶ 10.) A correctional officer explained that Robinson had just missed the meal, and staff had distributed all food trays already. (Id.)

Feeling wronged, Robinson requested he be placed into general population and given his property and legal materials. (Id. at ¶ 11.) After ACI officials refused, Robinson requested grievance forms from Defendant Correctional Officer Albert Normandin, Sr.,[3] but Normandin Sr. refused. (Id. at ¶ 13.) Normandin Sr. informed Robinson that his complaints were not the proper basis for a grievance, and that Robinson could not have his legal materials because he had too much property. (Id. at ¶¶ 13-14.) A week later, Robinson obtained a grievance form and submitted it to Normandin Sr., who refused to sign it, but took it with him. (Id. at ¶ 15.) Apparently Normandin Sr. passed

---

[2] Robinson also claims prison administrators violated his constitutional rights by failing to install fire sprinklers in the prison. (Am. Compl. ¶ 73, ECF No. 69.)

[3] There is also an Albert Normandin, Jr. who is an actor in this play, so the Court will refer to them as Normandin Sr. and Normandin Jr., respectively.

this grievance up the ranks, and Defendant David McCauley visited Robinson to discuss his issues. (Id. at ¶ 16.) McCauley explained that Robinson would stay in segregation until prison officials classified him under prison security guidelines, and stated that he would provide Robinson some of his property and legal materials. (Id. at ¶ 17.) Robinson never received these materials, nor did he receive hygiene materials or dietary supplements. (Id. at ¶¶ 24-25.)

On May 8, 2009, Normandin Sr. searched Robinson's cell. (Id. at ¶ 19.) Robinson claims Normandin Sr. searched for materials related to the present lawsuit. (Id.) Robinson asserts that prison staff repeatedly interfered with his legal papers. (See, e.g., id. at ¶¶ 37, 51.) On May 10, 2009, Normandin Sr. moved Robinson to another allegedly dirty and unsanitary cell. (Id. at ¶ 21.) A week later, Robinson claims Defendant Albert Normandin, Jr. physically assaulted him, while Robinson was handcuffed. (Id. at ¶ 23.) A prison doctor examined Robinson after he claimed he was involved in a physical altercation at that time. (Pauline Marcussen Decl. ¶ 2, ECF No. 117-2; Ex. A, ECF No. 117-2.) The medical report generated from this visit indicates that no signs of an altercation or bruising were found on Robinson's body. (Marcussen Decl. ¶ 2.)

Meanwhile, on May 14, 2009, correctional officers transported Robinson in restraints while other prisoners were

without restraints. (Am. Compl. ¶ 26.) Robinson does not claim anything out of the ordinary happened during this transport. A short while later, Robinson was classified as high security despite having a score that would indicate he was a medium security inmate.[4] Thereafter, he was strip searched, and certain of his legal materials were reviewed by prison staff including by Correctional Officer Kevin Manning. (Id. at ¶¶ 27-30.) Once he arrived in high security, Robinson was placed on "cell restriction" and claims correctional officer Walter Duffy called him "boy" and threatened him with violence. (Id. at ¶¶ 31-33.)

Robinson's litany of complaints goes on and on. In June 2009, he was placed in disciplinary segregation for allegedly complaining that he was groped during a strip search. (Id. at ¶ 35.) It is unclear how long Robinson remained in segregation, but he claims he was held there for 20 days longer than what prison policy dictates. (Id. at ¶ 38.) Robinson argues he was improperly placed in segregation on other occasions as well. (Id. at ¶ 50.)

During one strip search Robinson claims that he injured his back and that prison staff refused him medical treatment. (Id. at ¶¶ 36, 39-40.) At some point, he claims he contracted a

---

[4] Robinson claims that later he was labeled as a security risk due to his race and his Muslim religion. (Id. at ¶ 59.)

bacterial infection, and says he was not provided adequate healthcare. (Id. at ¶¶ 42-43.)[5]

Robinson further asserts that, since his arrival at the ACI, he has not been provided sufficient food and has been unable to buy additional food. (Id. at ¶¶ 45-46.) In addition, officers did not permit Robinson to receive a holiday food package from his family. (Id. at ¶ 47.) Robinson filed a grievance related to his not obtaining his holiday basket. (Robert McCutcheon Decl. ¶ 6, ECF No. 117-1.) The prison denied this grievance because prisoners in segregation, as Robinson was, are not permitted to receive holiday gift packages. (Id. at ¶ 7.)

Robinson also claims that Correctional Officer Aceto put him in danger by stating that he was a child molester in front of other inmates. (Am. Compl. ¶¶ 53-54.) Robinson states that as a result he was attacked, although he does not indicate the date of this incident, what occurred, or if he was injured. Robinson also claims Correctional Officers Duffy, Sayles and Manning put a sticker on his cell indicating he was a sex offender. (Id. at ¶ 61.)

---

[5] With respect to his healthcare treatment, Robinson has filed a claim against Dr. Robert Achindiba. Defendants have not moved for dismissal or summary judgment as to Achindiba. Nor have they moved to dismiss this case against William R. Devine, Sr., Robert M. McCutcheon, and individuals identified only as Oden, Dove, Glendinning, and Benavides.

Robinson claims that eventually, ACI officials stopped accepting grievance forms from him. (Id. at ¶ 67.) In addition, Robinson claims that prison officials falsified disciplinary reports about him. (Id. at ¶ 69.)

In June 2009, Robinson filed a Complaint in this Court related to his alleged mistreatment at the ACI. In August 2010, Robinson requested permission to file an amended complaint, which this Court granted. Now, the Defendants have moved to dismiss some of the allegations and for summary judgment on others.

II. Standard of Review

The majority of Defendants' motion argues that Robinson's Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint containing only "labels and conclusions" or "naked assertion[s]" will not do. Twombly, 550 U.S. at 555, 557. Instead, a complaint must be facially plausible, which requires that a plaintiff "plead[] factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Defendants' motion to dismiss is unopposed. When deciding a 12(b)(6) motion, "the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004) (internal citations and quotations omitted). Still, "it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity." NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002). Here, because there is no local rule specifically requiring a response, the Court may not grant dismissal merely because Robinson has failed to respond.[6]

Meanwhile, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether summary judgment should be granted, the court must review evidence in the light most favorable to the non-moving party and must draw all favorable inferences in

---

[6] The Court granted two extensions for Robinson to respond to the Defendants' motion. Robinson was to file his response by March 31, 2014. To date, no opposition has been filed.

the non-moving party's favor.  DeLia v. Verizon Commc'ns Inc.,
656 F.3d 1, 3 (1st Cir. 2011).  The moving party bears the
initial burden of demonstrating a lack of a genuine issue of
material fact, which shifts the burden to the non-moving party,
who then must show that the trier of fact could rule in his
favor with respect to each issue.  Borges ex rel. S.M.B.W. v.
Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010).

Defendants are not entitled to summary judgment simply
because their application is unopposed.  "In the First Circuit
. . . the Court must make a determination that entry of summary
judgment is appropriate."  United States v. Giordano, 898 F.
Supp. 2d 440, 446 n.2 (D.R.I. 2012).  In fact, the Federal Rules
of Civil Procedure require that the movant show an entitlement
to summary judgment even when unopposed.  Fed. R. Civ. P.
56(e)(3) (noting that if party fails to respond, the Court may
"grant summary judgment if the motion and supporting materials
. . . show that the movant is entitled to it").

III. Discussion

Robinson filed a wide-ranging Amended Complaint.  For ease,
the Court will address the allegations as they relate to each
specific Defendant.

A.   Generic Defendants

Robinson makes several allegations against "ACI officials"
but does not identify any specific correctional officer or

administrator. (Am. Compl. ¶¶ 7-11, 24-25.) By failing to identify those responsible for the wrongs Robinson alleges, Robinson has violated Federal Rule of Civil Procedure 10(a) and Local Rule 5, and his Amended Complaint must be dismissed with prejudice as to these allegations. See Cerullo v. Wall, No. CA 14-364-ML, 2014 WL 7272799, at *2 (D.R.I. Dec. 18, 2014).

B.    Normandin Sr.

Robinson claims that Normandin Sr. failed to provide him grievance forms. In this regard, the Amended Complaint contradicts itself somewhat, as it is clear that on several occasions Robinson was in fact given the grievance forms he requested. (Am. Compl. ¶ 15.) Assuming that Normandin Sr. refused to provide Robinson grievance forms on at least one occasion, Robinson's claim still fails.

As the Defendants correctly assert, inmates do not have a constitutionally protectable liberty right in grievance procedures. Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). Normandin Sr. cannot be said to have violated

a right that does not exist, and Robinson's Amended Complaint is dismissed with prejudice as to this allegation.

Robinson does, however, have a right to access the court system.  Bounds v. Smith, 430 U.S. 817, 821 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts.").  Robinson alleges that on several occasions Normandin Sr. improperly looked at his legal papers, or made it more difficult for Robinson to litigate this and other claims pending in the federal courts.  To properly allege a violation of this right, Robinson must assert that he suffered actual injury.  Lewis v. Casey, 518 U.S. 343, 349 (1996) (reasoning that requirement to establish actual injury derives ultimately from the concept of standing).  He has failed to do so.  Robinson's Amended Complaint is devoid of any allegation that Normandin Sr.'s actions harmed him.  Therefore, Robinson's Amended Complaint is dismissed without prejudice on this allegation.

Finally, Robinson claims on several occasions to have been placed in dirty prison cells and that he may have developed some skin or other ailment as a result.  "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones."  Petaway v. Porter, C.A. No. 13-794 S, 2014 WL 4168462, at *4 (D.R.I. Aug. 20, 2014).  The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions

of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal citations and quotations omitted).

An inmate alleging that the conditions of his cell violate the Eighth Amendment must allege severe conditions. See, e.g., Wilson v. Schomig, 863 F. Supp. 789, 794-95 (N.D. Ill. 1994) (allegations that cell was dusty, had roaches and mattress was stained with urine and feces insufficient to state constitutional violation). That is not to say it is impossible for an inmate to state such a claim. Gee v. Estes, 829 F.2d 1005, 1006 (10th Cir. 1987) (holding that prisoner articulated constitutional violation where he was placed naked in a lice-infested cell with no blankets in near-freezing temperatures, denied food or served dirty food, and left with his head in excrement while having a seizure). Here, Robinson does not articulate the specific conditions of his cell that led him to determine it was "filthy," except for the presence of vermin, which alone is insufficient to establish a constitutional violation. As a result, Defendants' motion is granted as to this allegation and Robinson's Amended Complaint is dismissed without prejudice.

C.  Nancy Bailey

Robinson asserts that Bailey improperly ordered him transferred to a high security section of the ACI, although he should have been a medium security prisoner.  Additionally, Robinson claims that Bailey failed to install fire sprinklers and failed to intervene when the prison commissary charged excessive prices.

"Classification is essential to the operation of an orderly and safe prison."  Letourneau v. Wall, C.A. No. 12-848-M, 2013 WL 2181294, at *4 (D.R.I. May 20, 2013).  Defendants argue that the Rhode Island Supreme Court has held that the Director of Corrections has unfettered discretion to classify inmates and that inmates have no liberty right in any such classification. Bishop v. Rhode Island, 667 A.2d 275 (R.I. 1995).  In Letourneau, Judge John J. McConnell held that a prisoner at the ACI had no liberty right to his classification at the prison. Letourneau, 2013 WL 2181294, at *4.  The same is true here.  See also Palmigiano v. Mullen, 491 F.2d 978, 980 (1st Cir. 1974) ("Not every classification error gives rise to an infringement of a constitutionally-protected right.  Given the history and constitutional adequacy of Rhode Island's classification standards and rules, it will be the unusual case, involving marked departure by state officials therefrom, which might give

rise to a supportable claim of constitutional deprivation.").[7] Defendants' motion is granted as to Robinson's classification, and Robinson's Amended Complaint is dismissed with prejudice as to this allegation.

Robinson also claims that Bailey failed to install a sprinkler system and permitted the commissary to charge excessive prices. As discussed supra, the Constitution does not require comfortable prisons. Prisoners, however, may not be deprived of the basic necessities of life. Farmer, 511 U.S. at 832-33; Wilson v. Seiter, 501 U.S. 294, 298 (1991) (holding that "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation"). Robinson's allegations do not rise to this level, and thus his Amended Complaint is dismissed with prejudice as to these allegations.

D.   Kevin Manning

Robinson asserts several claims against Correctional Officer Manning, but presently all of those claims fail to state a cause of action. First, Robinson alleges that Manning interfered with his legal papers. As discussed supra, Robinson has not claimed any actual injury resulted from this alleged

---

[7] For the same reasons just articulated, Robinson has failed to state a claim as to Defendant Jack Ward.

interference and thus, his allegations concerning his legal papers are dismissed without prejudice.

Robinson also claims that Manning strip searched Robinson and threatened him with bodily harm. Threats of violence, while deserving of censure if true, do not rise to the level of a constitutional violation. Shabazz v. Cole, 69 F. Supp. 2d 177, 199 (D. Mass. 1999) (collecting cases). Thus, Robinson's claim regarding threats from Manning are dismissed with prejudice.

Next, Robinson claims that Manning along with Defendants Duffy and Sayles incorrectly identified Robinson as a sex offender to other prisoners by placing a sticker on his cell, putting him in danger. Prison officers have a duty to protect inmates from harm from other inmates. Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988). To establish a claim, Robinson must prove that Manning acted with deliberate indifference. See id. ("When prison officials intentionally place prisoners in dangerous surroundings, when they intentionally ignore prisoners' serious medical needs, or when they are 'deliberately indifferent' either to prisoners' health or safety, they violate the Constitution."). Robinson's claim falls short. Robinson does not assert that he was ever harmed or that any inmate ever attacked him as a result of this sticker. Therefore, Robinson has not stated a claim with respect to this sticker, and his Amended Complaint is dismissed

without prejudice as to this allegation against Manning, Duffy, and Sayles.

E.    Lieutenant R. Sayles

Robinson alleges that Sayles threatened him and arbitrarily placed him on cell restrictions upon his arrival at high security.  As discussed _supra_, mere threats do not rise to the level of constitutional violations, and thus this allegation is dismissed with prejudice.

With respect to the claims that Sayles arbitrarily placed Robinson on cell restrictions, Robinson has failed to articulate what these restrictions were, why they were unnecessary, and how they injured Robinson.  At this stage, Robinson may not rely on "labels or conclusions" but must set forth enough facts to articulate an entitlement to relief.  He has failed to do so with respect to his claim that his confinement was arbitrary and so harmful as to amount to a violation of the Constitution.  As a result, his Amended Complaint is dismissed without prejudice with respect to this allegation.

F.    Correctional Officer Sousa

Robinson alleges that he was improperly placed in segregation after complaining that Sousa fondled him during a strip search.  Robinson does not detail the length of this

segregation, nor the conditions he faced while in segregation.[8]
When challenging a placement in segregation, "to implicate a
liberty interest protected by the Due Process Clause, a
plaintiff must allege a deprivation that is atypical and
significant on the inmate in relation to the ordinary incidents
of prison life." <u>Williams v. Wall</u>, No. 06-12S, 2006 WL 2854296,
at *3 (D.R.I. Oct. 4, 2006) (internal citations and quotations
omitted). Robinson has failed to articulate any facts such that
the Court could determine that his placement in segregation was
such an "atypical and significant hardship." <u>Sandin v. Conner</u>,
515 U.S. 472, 484, 486 (1995) (holding placement in segregation
for 30 days was not atypical hardship). Therefore, Robinson's
Amended Complaint as it relates to this allegation against Sousa
is dismissed without prejudice.

G.   Captain Aceto

Robinson claims that Defendant Aceto prevented him from
receiving a holiday gift package, made false statements to other
inmates that Robinson is a sex offender, assaulted him on March
9, 2010 with pepper spray, and destroyed boxes of his legal
papers.

With respect to the gift package, Robinson utilized the
prison grievance system to challenge this denial, and this

<hr>

[8] It is also not clear who Robinson alleges was involved in
this wrongful-segregation placement.

16

grievance was denied. The prison did not provide Robinson with the gift basket because he was in segregation. (McCutcheon Decl. ¶¶ 6-7.) Robinson has not presented the Court with any evidence to challenge this fact. Thus, summary judgment may enter with respect to this claim.

With respect to the remaining claims, Robinson has failed to meet his pleading requirements. First, as discussed supra, Robinson has failed to allege any actual injury from the destruction of his legal papers. Second, Robinson failed to identify who assaulted him as a result of Aceto identifying him as a sex offender, when this assault took place, and what injuries he suffered. Correctional officers certainly have a responsibility to protect inmates from other inmates. Cortes-Quinones, 842 F.2d at 558. But Robinson has failed to provide sufficient factual information to prove that Captain Aceto's actions led to an assault and that Robinson was injured as a result of that assault. Therefore, Robinson's Amended Complaint is dismissed without prejudice as to this allegation against Aceto.[9]

Finally, Robinson has not yet identified any injury he suffered as a result of Aceto using pepper spray on him. Thus,

---

[9] For the same reasons, Defendants' motion as to Correctional Officers Cummings and Lobianco is granted, and Robinson's Amended Complaint as to these individuals is dismissed without prejudice.

the Defendants' motion to dismiss is granted with respect to this allegation, and Robinson's Amended Complaint is dismissed without prejudice.

H.   A.T. Wall

Robinson claims that Defendant A.T. Wall ordered and approved his transfer to high security, although he should have only been in medium security.   As discussed <u>supra</u>, this determination was not a violation of Robinson's constitutional rights.   <u>Letourneau</u>, 2013 WL 2181294, at *4.   Thus, Defendants' motion to dismiss as it relates to Wall's role in Robinson's placement within the ACI is granted, and Robinson's Amended Complaint regarding this allegation is dismissed with prejudice.

Robinson also alleges that Wall failed to install fire sprinklers and permitted unsanitary conditions in the prison's cells.   As discussed <u>supra</u>, Robinson has failed to state a claim with respect to both of these allegations and thus his Amended Complaint is dismissed without prejudice as to the sanitary conditions claim and dismissed with prejudice with respect to his fire sprinkler claim.

Additionally, Robinson alleges that Wall has "allowed" the other Defendants to act in the ways Robinson alleges.   (Am. Compl. ¶¶ 71-72.)   A supervisor may not be held liable for the actions of another under a theory of respondeat superior under 42 U.S.C. § 1983.   <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23

F.3d 576, 581 (1st Cir. 1994). Thus, to the extent Robinson alleges Wall is vicariously liable, his Amended Complaint is dismissed with prejudice. Supervisors may still be liable for their own actions. Id. But Robinson has failed to make any non-conclusory allegations against Wall individually, and thus, to the extent Robinson alleges that Wall himself violated his constitutional rights, Robinson's Amended Complaint is dismissed with prejudice.

I.   Correctional Officer Albert Normandin, Jr.

Robinson claims that on May 17, 2009, Defendant Albert Normandin, Jr. physically assaulted him. (Am. Compl. ¶ 23.) Robinson has provided no details of the assault, but the record does indicate that on May 17, 2009, Robinson complained that he had been involved in an altercation and was taken to see a doctor. During this infirmary visit, Robinson's medical record indicates that there were no bruises or other signs of an altercation on his body. (Marcussen Decl. ¶ 2.) Indeed, the doctor did not note any injury at all. Robinson has not combated this evidence with any evidence indicating he was in fact injured. Thus, summary judgment will enter as to the allegation that Normandin Jr. assaulted Robinson and violated his constitutional rights.

J.    Warden James Weeden

Robinson asserts a litany of allegations against Warden James Weeden. These allegations include: 1) that Weeden would not allow Robinson to receive a holiday gift basket from his aunt; 2) that Weeden prevented Robinson from ordering from the commissary and failed to prevent the commissary from selling products at inflated prices; 3) that Weeden destroyed Robinson's legal and personal property; 4) that Weeden prevented Robinson from filing grievances; 5) that Weeden falsified a disciplinary report against Robinson; and 6) that Weeden failed to install fire sprinklers or rectify unsanitary conditions in the prison.

With respect to the holiday basket, the commissary prices, the grievance reports, the legal papers, and the fire sprinklers, the Court has already addressed these issues <u>supra</u> and adopts its earlier holdings with respect to Weeden. Therefore, these allegations against Weeden are dismissed with prejudice. The Court also adopts its earlier position with respect to the sanitary conditions of the prison, and Robinson's Amended Complaint is dismissed without prejudice with respect to this claim.

Finally, Robinson alleges that Weeden falsified a disciplinary report alleging that Robinson stole supplies. Robinson does not indicate what about Weeden's report was false or how he was harmed by this conduct. Therefore, he has not yet

articulated a basis for his lawsuit. As a result, his Amended Complaint is dismissed without prejudice with respect to this allegation.

    K.    McCauley

The final defendant on whose behalf Defendants have filed this motion is McCauley. (<u>See</u> Defs.' Mot. 1, ECF No. 117.) Strangely, Defendants have offered no argument in their motion on why McCauley is entitled to judgment in his favor. However, notwithstanding Defendants' failure to do so, it is clear that, to the extent that the Amended Complaint purports to assert any claim against McCauley, it fails to do so. The Amended Complaint alleges that McCauley visited Robinson in response to a grievance Robinson had filed. McCauley explained that Robinson would stay in segregation until prison officials classified him under prison security guidelines, and stated that he would provide Robinson some of his property and legal materials. According to Robinson, he never received these items. These allegations concerning McCauley fail to articulate a basis upon which Robinson is entitled to relief. Therefore, the claim (to the extent that there is one) against McCauley is dismissed without prejudice.

IV.  Conclusion

For the reasons stated above, Defendants' Motion to Dismiss and for Summary Judgment is GRANTED, and the following claims

are dismissed with prejudice: the claim against Normandin Sr. for failure to provide grievance forms; the claims against Bailey, Ward, and Wall; the claims against Manning and Sayles for threats; the claims against Weeden relating to the holiday basket, the commissary prices, the grievance reports, the legal papers, and the fire sprinklers; and the allegations contained in ¶¶ 7-11 and 24-25 of the Amended Complaint. Furthermore, summary judgment in favor of Defendants shall enter with respect to Plaintiff's claims against Aceto for preventing Robinson from receiving a holiday gift package and Normandin Jr. for assault. The following claims are dismissed without prejudice: the claims against Normandin Sr. and Manning for interference with Robinson's legal papers; the claim against Normandin Sr. for placement into dirty prison cells; the claim against Manning, Duffy, and Sayles for labelling Robinson as a sex offender; the claim against Sayles for arbitrarily placing Robinson on cell restrictions; the claim for retaliation after complaining that Sousa fondled him during a strip search; the claims against Aceto, Cummings, and Lobianco concerning assault; the claims against Aceto involving the destruction of Robinson's legal papers and the false statement Aceto made to inmates that Robinson was a child molester; the claims against Weeden involving the sanitary conditions of the prison and the falsification of a disciplinary report; and the claim against

McCauley.  Plaintiff has 30 days from the date of this order to correct the deficiencies outlined with respect to the claims that have been dismissed without prejudice.  Finally, because Defendants have not moved for dismissal or summary judgment with respect to the claims asserted against Achindiba, Devine, McCutcheon, Oden, Dove, Glendinning, and Benavides, this Order has no effect on those claims.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  February 19, 2015